EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>John Ward Llambías | 2016 TSPR 83<br><br>195 DPR \_\_\_\_ |

Número del Caso: TS-7,532

Fecha: 29 de abril de 2016

Programa de Educación Jurídica Continua:

     Lcda. Geisa M. Marrero Martínez
     Directora Ejecutiva

Abogado del Querellado:

     Por Derecho Propio

Materia: Conducta Profesional – La suspensión de la abogacía y notaría será efectiva el 11 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


John Ward Llambías

TS-7532


*PER CURIAM*

En San Juan, Puerto Rico, a 29 de abril de 2016.

Una vez más, nos vemos obligados a suspender de forma inmediata e indefinida a un letrado que incumplió con los requisitos de educación continua y con nuestras órdenes.

I

El Lcdo. John Ward Llambías fue admitido al ejercicio de la abogacía el 30 de noviembre de 1982 y a la práctica de la notaría el 16 de diciembre de 1982.

El 13 de mayo de 2015, la Directora Ejecutiva del Programa de Educación Jurídica Continua (PEJC) nos presentó un informe en el que expresó que el licenciado Ward Llambías no cumplió con los

requisitos de educación jurídica continua durante el período de 1 de junio de 2009 al 31 de mayo de 2011. Además, indicó que le concedió un término al letrado para que tomara los cursos requeridos y pagara la cuota por cumplimiento tardío. No obstante, este no cumplió. En vista de esto, se citó al licenciado Ward Llambías a una vista informal, pero este no compareció. Posteriormente el letrado envió una comunicación al PEJC en la que informó que no pudo asistir a la vista debido a que ese mismo día tenía una vista en un caso ante el Tribunal de Primera Instancia de Guayama. También expresó que razones económicas y de salud le imposibilitaban cumplir con los requisitos del PEJC. Por último, solicitó un término adicional para cumplir.

En respuesta a esa comunicación, el PEJC le concedió un término de treinta días para subsanar las deficiencias para el período 2009-2011 y sesenta días para cumplir con el período de 2011-2013. Debido a que el letrado, una vez más, no tomó los cursos de educación jurídica continua requeridos, la Junta del PEJC le encomendó a la Directora Ejecutiva remitir el asunto para nuestra consideración.

Así las cosas, el 11 de junio de 2015, le concedimos un término de veinte días al licenciado Ward Llambías para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación continua y por no comparecer ante el PEJC cuando le fue requerido. El 23 de julio de 2015, el letrado presentó una moción en la que indicó que

su incumplimiento se debía a su condición de salud, ya que esta había tenido como consecuencia que su actividad profesional disminuyera y con ello sus ingresos. Así, expresó que el costo de los cursos había contribuido a su incumplimiento. No obstante, el licenciado Ward Llambías nos informó que su situación de salud había mejorado, por lo que nos suplicó que le permitiéramos presentar un itinerario detallado y específico para cumplir con los requisitos del PEJC en un plazo razonable.

En respuesta a esta solicitud, el 12 de agosto de 2015, le concedimos al licenciado Ward Llambías un término adicional de sesenta días para que cumpliera con los requisitos de educación jurídica continua. Sin embargo, al día de hoy, el letrado no ha presentado escrito o evidencia alguna de que cumpliera con los requisitos del PEJC, así como con el pago de la cuota de cumplimiento tardío. Por lo tanto, nos vemos forzados a tomar acción disciplinaria en su contra.

II

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que con el propósito "de viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Para instrumentar ese objetivo, aprobamos el Reglamento del Programa de Educación Jurídica Continua de 1998, 4 LPRA Ap.

XVII-D, según enmendado, el cual requiere que todos los abogados cumplan con al menos veinticuatro horas créditos en cursos de educación jurídica continua acreditados cada tres años. In re Enmiendas al Reglamento de Educación Jurídica Continua y al Reglamento del Programa de Educación Jurídica Continua, Res. de 15 de junio de 2015, 2015 TSPR 77, 193 DPR ___ (2015). Cuando los abogados cumplen de forma tardía con los requisitos del PEJC, deben presentar un informe con las razones que justifican el cumplimiento tardío, así como pagar una cuota de $50. Reglamento del Programa de Educación Jurídica Continua de 2005, 4 LPRA Ap. XVII-E. En casos de incumplimiento, el Director del PEJC tiene el deber de citar a los abogados a una vista informal para que expliquen las razones para el incumplimiento. Íd., Regla 32. En caso de incomparecencia, la Junta del PEJC debe remitir el asunto ante este Tribunal para la acción correspondiente. Íd.

Desafortunadamente, en numerosas ocasiones hemos disciplinado a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas. In re Álvarez Westwood, et als., Op. de 14 de marzo de 2016, 2016 TSPR 46, 194 DPR ___ (2016). Además, hemos reiterado que desatender nuestros requerimientos y órdenes acarrea sanciones disciplinarias, incluso la suspensión inmediata de la profesión. In re Cepero Rivera, et als., Op. de 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015). Cuando un abogado no cumple con nuestras órdenes, demuestra menosprecio hacia nuestra

autoridad e infringe el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, C.9. Íd. De esta forma, "[s]i luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, [e]ste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía […]". In re López González, Op. de 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015) citando a In re Piñeiro Vega, 188 DPR 77, 90 (2013).

III

El expediente ante nuestra consideración demuestra que el licenciado Ward Llambías incumplió con los requisitos del PEJC desde el 2009. Eso, de por sí, es suficiente para que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía y la notaría. No obstante, el letrado también incurrió en las siguientes faltas éticas: (1) no compareció oportunamente ante el PEJC cuando le fue requerido; (2) compareció fuera del término que le concedimos para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión, y (3) no ha comparecido ante nos luego de que transcurrieran más de seis meses de expirado el último término que le concedimos para que cumpliera con los requisitos del PEJC. Evidentemente, el licenciado Ward Llambías no desea continuar la práctica de la abogacía y la notaría en Puerto Rico.

IV

Por los fundamentos antes expuestos, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía y la notaría al Lcdo. John Ward Llambías.

El señor Ward Llambías deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal y debe devolver a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Ward Llambías y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

John Ward Llambías

TS-7532

SENTENCIA

En San Juan, Puerto Rico, a 29 de abril de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos de forma inmediata e indefinida del ejercicio de la abogacía y la notaría al Lcdo. John Ward Llambías.

El señor Ward Llambías deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal y debe devolver a estos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Ward Llambías y entregarlos al Director de

la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo