EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2016 TSPR 226 |
| Neville Ortiz Soto | 196 DPR ____ |

Número del Caso: TS-12,766

Fecha: 1 de noviembre de 2016

Abogada de la Querellada:

      Lcda. Carmen I. Navas
      Procuradora del Abogado
      Colegio de Abogados

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús

Materia: Conducta Profesional – La Suspensión será efectiva el 7 de noviembre de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

|                    |          | Conducta     |
|                    |          | Profesional  |
| Neville Ortiz Soto | TS-12766 |              |

PER CURIAM

En San Juan, Puerto Rico, a 1 de noviembre de 2016.

Una vez más, nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y la notaría por incumplir con los requisitos del Programa de Educación Jurídica Continua (PEJC) y con nuestras órdenes.

I

El Lcdo. Neville Ortiz Soto fue admitido al ejercicio de la abogacía el 14 de abril de 1999 y a la práctica de la notaría el 3 de agosto de 1999. El 29 de abril de 2014, la entonces Directora Ejecutiva del PEJC nos informó que el licenciado Ortiz Soto no cumplió con los requisitos de educación jurídica

continua durante el periodo de 1 de julio de 2007 al 30 junio de 2009. El PEJC le notificó ese incumplimiento al letrado y lo citó a una vista informal que se celebró el 18 de agosto de 2011. Este compareció e informó que no cumplió con los requisitos del PEJC porque se encontraba en un estado de precariedad económica que lo tenía al borde de la bancarrota. Tampoco satisfizo la cuota por cumplimiento tardío de $50. Por esa razón, solicitó una prórroga para ponerse al día y que se le eximiera del pago de la cuota por incumplimiento tardío. Ese mismo día, el Oficial Examinador le concedió una prórroga de treinta días para que tomara los cursos requeridos.

Luego de evaluar el informe del Oficial Examinador, el 12 de febrero de 2014, la Directora del PEJC notificó su decisión en torno a este asunto. Concluyó que a esa fecha, el licenciado Ortiz Soto no había tomado los cursos requeridos ni pagado la cuota por cumplimiento tardío. Sin embargo, le concedió un término adicional de veinte días para que el letrado se pusiera al día con el PEJC previo a referir este asunto ante nuestra consideración. El 20 de febrero de 2014, la Junta de Educación Jurídica Continua ratificó el referido de la Directora.

En respuesta al informe de la Directora del PEJC, el 15 de mayo de 2014, le notificamos por correo certificado una Resolución al abogado en la que le ordenamos que, dentro de un término de veinte días, mostrara causa por la cual no debíamos suspenderlo indefinidamente de la

abogacía por incumplir con los requisitos del PEJC. No obstante, el licenciado Ortiz Soto no compareció dentro del término que se le proveyó.

Por otro lado, el 1 de julio de 2014, el Director de la Oficina de Inspección de Notarías (ODIN) compareció y nos solicitó de manera urgente que ordenáramos la incautación de la obra protocolar del notario. El Director basó su pedido en serias deficiencias en la obra protocolar del licenciado Ortiz Soto.[1] En respuesta al pedido del Director, **el 22 de julio de 2014**, dictaminamos la incautación del sello y la obra notarial del licenciado Ortiz Soto. Además, le ordenamos a este a que, dentro del término de diez días, corrigiera a sus expensas las deficiencias que el Director le había señalado previamente. Asimismo, le otorgamos cinco días para que mostrara causa por la cual no debíamos suspenderlo del ejercicio de la notaría.

El 1 de agosto de 2014, el licenciado Ortiz Soto compareció y expuso su posición. En su escrito, el letrado admitió que recibió dos cartas del Director de ODIN en las que le anunció que se proponía inspeccionar su obra notarial. Sin embargo, adujo que para ese entonces, su

---

[1] Estas deficiencias consistían en: la falta de encuadernación de los tomos correspondientes a los años 2001-2012; escrituras extraviadas que no pudieron ser inspeccionadas; 28,837 asientos autorizados que no habían sido registrados en el Libro de Testimonios del licenciado Ortiz Soto y que esos asientos tampoco habían cancelado el correspondiente sello de la Sociedad para la Asistencia Legal.

padre pasaba por una delicada situación de salud que eventualmente concluyó con su muerte, lo que consumió el tiempo del abogado y desangró sus finanzas. Asimismo, alegó que su oficina fue objeto de dos escalamientos, por lo que perdió computadoras y material de oficina. El abogado anejó documentación en apoyo a esta alegación. También señaló que padece de ciertas condiciones médicas, lo que le genera grandes preocupaciones en torno a la forma de ganarse la vida. Por último, reconoció que "utilizó muy mal juicio" al desempeñarse y que estaba confiado en poder corregir las faltas que le imputó el Director de la ODIN. Moción en cumplimiento de orden, págs. 3-4.

Varios meses más tarde, el 6 de febrero de 2015, emitimos una Resolución en la que le ordenamos al Director de la ODIN que nos informara el estatus de la subsanación de la obra protocolar del notario Ortiz Soto. También le ordenamos a este que, dentro de un término de quince días, mostrara causa por la cual no debíamos suspenderlo de la profesión legal por no cumplir con los requerimientos del PEJC. El licenciado Ortiz Soto fue notificado personalmente de esta Resolución el 20 de febrero de 2015.

En respuesta a nuestra encomienda, el Director de la ODIN compareció. En su réplica, expuso que a pesar de los esfuerzos del notario por subsanar su obra, persistían deficiencias con respecto a, entre otras cosas, la falta de registro de **28,838** testimonios en el tomo

correspondiente y la omisión de cancelar **$86,600** en aranceles. Consecuentemente, nos solicitó que ordenáramos al licenciado Ortiz Soto que corrigiera todas las deficiencias en su obra protocolar y que lo separáramos del ejercicio de la notaría.

El **5 de marzo de 2015**, el letrado compareció en respuesta a nuestra Resolución. Aceptó que incumplió con los requisitos del PEJC. Sin embargo, presentó un calendario con el cual esperaba cumplir con los requisitos del programa. Por esa razón, solicitó "la oportunidad de cumplir" y requirió un término adicional de noventa días a esos fines. <u>Moción en cumplimiento de orden</u>, pág. 2. Asimismo, el letrado señaló que estaba en medio de subsanar las deficiencias que le había imputado la ODIN y que le habíamos ordenado previamente. Luego de evaluar los escritos de la ODIN y del licenciado Ortiz Soto, el **19 de junio de 2015**, le concedimos un plazo de noventa días al letrado para que cumpliera con el PEJC y veinte días para que informara el cumplimiento de las correcciones de las deficiencias en su obra protocolar. Por su parte, el licenciado Ortiz Soto compareció y detalló sus esfuerzos para subsanar las deficiencias que le señaló el Director de ODIN. En ese sentido, presentó excusas por la dilación para cumplir con el proceso de subsanación y nos pidió que no lo suspendiéramos del ejercicio de la abogacía.

Posteriormente, el Director de la ODIN nos informó que el licenciado Ortiz Soto corrigió varios tomos de

instrumentos públicos, pero que todavía adeudaba $86,600 en aranceles. De hecho, el Director nos advirtió que el notario aún no había registrado en ese libro los documentos que legitimó o autenticó. Así las cosas, **el 13 de octubre de 2015**, le concedimos sesenta días al notario para que subsanara todas las deficiencias señaladas por el Director de la ODIN, incluida la deuda arancelaria. Además, le concedimos un término final e improrrogable de veinte días para que nos presentara una certificación de cumplimiento del PEJC, según le habíamos requerido. El 18 de diciembre de 2015, el Director de la ODIN compareció y nos indicó que había expirado el término de sesenta días sin que el notario subsanara las deficiencias, por lo que solicitó que le concediéramos otro término de treinta días y que le impusiéramos sanciones. Además, surge del escrito del Director, que el licenciado Ortiz Soto le informó a la inspectora de la ODIN a cargo del caso, la Lcda. Magda Girod Clavell, que se encontraba fuera de Puerto Rico, "trabajando por un tiempo".

El 4 de febrero de 2016, el licenciado Ortiz Soto compareció, pero en lugar de evidenciarnos el cumplimiento con nuestras órdenes, argumentó que se había matriculado en varios cursos de educación jurídica continua y anejó documentación a esos efectos. También nos incluyó varias certificaciones del PEJC, todas con fecha de 27 de enero de 2016, de las cuales surge que adeudaba 6 horas crédito de educación continua para el período 2009-2011; 18.50

horas crédito para el período 2011-2013 y 24 horas crédito para el período 2013-2016. Además, el licenciado Ortiz Soto nos comunicó que se reunió con la licenciada Girod Clavell de la ODIN en aras de proseguir los trámites de subsanación de su obra.

El **22 de abril de 2016**, le volvimos a ordenar al licenciado Ortiz Soto que subsanara las deficiencias señaladas por el Director de la ODIN aunque esta vez dentro de un término **improrrogable** de treinta días. Asimismo, le requerimos que mostrara causa por la cual no se le debía imponer una sanción económica de $500 por el reiterado incumplimiento con los requerimientos de la ODIN. Por último, le solicitamos, nuevamente, que acreditara el cumplimiento con las disposiciones del PEJC, lo que le habíamos ordenado ya en dos Resoluciones anteriores. En esa misma Resolución referimos este asunto al Secretario de Justicia para que tomara la acción que estimase procedente. Por su parte, el licenciado solicitó una breve prórroga de diez días para cumplir con lo ordenado, que le concedimos.

El 19 de septiembre de 2016, transcurrida la prórroga sin la comparecencia del licenciado Ortiz Soto, le notificamos personalmente una Resolución en la que le impusimos una sanción económica de $500, a ser pagada en sellos de rentas internas, al amparo del Art. 62 de la Ley Notarial, 4 LPRA sec. 2102, que debía ser satisfecha dentro de un término de veinte días. Además, le requerimos

que en el mismo plazo final e improrrogable mostrara causa por la cual no debíamos suspenderlo inmediata e indefinidamente de la abogacía y la notaría por el incumplimiento de lo ordenado.

El 7 de octubre de 2016, el licenciado Ortiz Soto expuso su posición. En este último escrito de dos páginas, el abogado destacó que a lo largo de sus comparecencias ha señalado la difícil situación económica y emocional que atraviesa y que le obligó a cerrar su oficina. Nos informó que no tiene bienes inmuebles para liquidar, buen crédito, ni margen prestatario, por lo que depende exclusivamente de su limitada práctica legal, que ejerce desde su hogar. Además, argumentó que en junio de este año celebró una reunión con la inspectora de la ODIN, la licenciada Girod Clavell, y que se adelantó el proceso de subsanación de la obra protocolar.[2] Sin embargo, alegó que resta una gestión para aclarar lo relativo a una certificación de un "County Clerk" y el pago de los aranceles adeudados: $86,600. Por último, luego de transcurrido el período para solicitar reconsideración, nos pidió "encarecidamente [que] se le libere del pago de la multa impuesta por [la] Resolución y de la cual estuvo apercibido". Moción en cumplimiento de orden para mostrar causa, pág. 2.[3]

---

[2] En específico, señaló que se trabajó en la encuadernación de su obra protocolar y que proveyó ciertos documentos requeridos.

[3] En su escrito, el licenciado Ortiz Soto también nos informa que el 21 de septiembre de 2016, recibió una carta

(continúa...)

II

El Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que para "viabilizar el objetivo de representación legal adecuada para toda persona, el abogado […] debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Así, en aras de instrumentar ese objetivo, aprobamos el Reglamento del Programa de Educación Jurídica Continua de 1998, 4 LPRA Ap. XVII-D, según enmendado, el cual le ordena a **todos** los abogados a tomar al menos veinticuatro horas créditos en cursos de educación jurídica continua acreditados cada tres años. Reglamento de Educación Jurídica Continua (1998), 4 LPRA Ap. XVII-D, R. 6(a). Además, aquellos abogados que al cierre de un periodo no sean notarios activos, pueden solicitar al Director del PEJC un cierre administrativo si cumplen con las veinticuatro horas crédito en las otras materias. Íd. Sin embargo, cuando los abogados incumplen con los requisitos del PEJC, deben pagar una cuota de cumplimento tardío de $50. Reglamento del Programa de Educación Jurídica Continua (2005), 4 LPRA Ap. XVII-E, R. 30(c).

---

del PEJC en la que se le informó que cuenta con sesenta días para acreditar el cumplimiento con las horas crédito de educación continua requeridas para el periodo 2013-2016.

Por otro lado, en un sinnúmero de ocasiones nos hemos visto obligados a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas. In re: Álvarez Westwood, et als., Op. de 14 de marzo de 2016, 2016 TSPR 46, 194 DPR ___ (2016). Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, o las órdenes de nuestros funcionarios y organismos, denota una falta de respeto hacia nuestra autoridad que constituye una violación al Canon 9. In re: Colón Collazo, Op. del 15 de agosto de 2016, 2016 TSPR 184, pág. 5, 196 DPR ___ (2016). Por esa razón, "[s]i luego de proveerle un término al abogado para que muestre causa por la cual no debe ser suspendido de la profesión, éste incumple con nuestro mandato, procede que el abogado sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría". In re Piñeiro Vega, 188 DPR 77, 90 (2013).

En esa línea, hemos expresado que todo notario tiene el deber de subsanar con premura toda falta señalada por la ODIN. "Ningún notario puede asumir una actitud pasiva y descansar en que la ODIN lo contacte para verificar si se corrigen adecuadamente los señalamientos que dicha oficina efectúe, máxime cuando la imagen de la profesión y la suya propia está en tela de juicio". In re Román Jiménez, 161 DPR 727, 733 (2004). Todo notario tiene que desempeñarse con estricto apego a las reglas que su profesión le

impone. Aquel que no las conozca o las resista, no es digno de ejercer la práctica notarial.

### III

A pesar de todas nuestras oportunidades, no surge del expediente que el licenciado Ortiz Soto haya dado cumplimiento a nuestras órdenes. Es decir, todavía no nos ha acreditado su cumplimiento con los requisitos del PEJC, asunto que nos fue referido el 29 de abril de 2014. Tampoco ha sido diligente en la subsanación de las deficiencias en su obra protocolar, según fueron señaladas por el Director de la ODIN. De hecho, el licenciado Ortiz Soto ha asumido una actitud de indiferencia y pasividad ante nuestros requerimientos, lo que es claramente incompatible con la profesión legal. Además, aún no ha satisfecho la sanción de $500 que le impusimos. En otras palabras, no se cumple con nuestras órdenes y requerimientos con la mera presentación de excusas.

Con su proceder, el letrado ha entorpecido el funcionamiento del PEJC, de la ODIN y le ha faltado el respeto a este Tribunal. Hemos sido más que pacientes con el licenciado Ortiz Soto, pero bajo ningún concepto vamos a tolerar este tipo de comportamiento. El resultado de esta Opinión *Per Curiam* es **producto exclusivo** de la falta de diligencia del abogado. Adviértase que cumplir con lo ordenado no es una opción; es una **obligación ética** que tienen todos los abogados. Este Tribunal ha sido bastante flexible con el letrado hoy sancionado, pues este no

aprovechó las múltiples oportunidades concedidas por la ODIN, el PEJC y este Tribunal. En el ínterin, pudo ponerse al día con el PEJC y así evidenciarlo a este Foro.[4] Del mismo modo, hizo caso omiso a nuestras órdenes, reiteradas en varias ocasiones, de que subsanara las deficiencias en su obra protocolar. Asimismo adeuda $86,600 en aranceles pertenecientes al Estado. No es agradable tener que suspender a un abogado. Sin embargo, a veces no hay alternativa. Tenemos que proteger el interés público.

IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Ortiz Soto. Se advierte a este letrado que antes de solicitar su reinstalación al ejercicio de la abogacía deberá satisfacer la sanción de $500 en sellos de rentas internas que le impusimos. Además, deberá acompañar con su solicitud una certificación del PEJC que acredite su cumplimiento con <u>todos</u> los periodos que adeudaba: 2007-2009, 2009-2011, 2011-2013, 2013-2016. Por último, el señor Ortiz Soto deberá incluir con su solicitud una

---

[4] Para atender el problema de abogados que han visto mermados sus ingresos, diseñamos mecanismos alternos para facilitar que se cumplan con los requisitos del PEJC. Véase <u>Reglamento del Programa de Educación Jurídica Continua (2005)</u>, <u>supra</u>, Rs. 33-34. Asimismo aquellos que presten servicios de oficio en el ámbito penal, podrán solicitar la acreditación de hasta un máximo de seis horas crédito por año natural. Véase <u>Reglamento para la asignación de abogados y abogadas de oficio en procedimientos de naturaleza penal</u>, 4 LPRA Ap. XXVIII-A, R. 17. El licenciado Ortiz Soto no aprovechó estas alternativas.

certificación de la ODIN que demuestre que su obra protocolar se encuentra libre de deficiencias y que no adeuda aranceles.

Se impone al señor Ortiz Soto el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se remite este asunto a la Jueza Administradora del Tribunal de Primera Instancia, Sala Superior de San Juan, Hon. Laura L. López Roche, para que comience un proceso de desacato por el reiterado incumplimiento del señor Ortiz Soto con nuestras órdenes, en específico, lo referente a la subsanación de las deficiencias en su obra protocolar y la sanción económica que no ha satisfecho.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Ortiz Soto a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia para que tome la acción que estime pertinente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                        Conducta
                                        Profesional
Neville Ortiz Soto                 TS-12766


SENTENCIA


En San Juan, Puerto Rico, a 1 de noviembre de 2016.


        Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Ortiz Soto. Se advierte a este letrado que antes de solicitar su reinstalación al ejercicio de la abogacía deberá satisfacer la sanción de $500 en sellos de rentas internas que le impusimos. Además, deberá acompañar con su solicitud una certificación del PEJC que acredite su cumplimiento con <u>todos</u> los periodos que adeudaba: 2007-2009, 2009-2011, 2011-2013, 2013-2016. Por último, el señor Ortiz Soto deberá incluir con su solicitud una certificación de la ODIN que demuestre que su obra protocolar se encuentra libre de deficiencias y que no adeuda aranceles.

        Se impone al señor Ortiz Soto el deber de notificar a sus clientes de su inhabilidad para seguir representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los

foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se remite este asunto a la Jueza Administradora del Tribunal de Primera Instancia, Sala Superior de San Juan, Hon. Laura L. López Roche, para que comience un proceso de desacato por el reiterado incumplimiento del señor Ortiz Soto con nuestras órdenes, en específico, lo referente a la subsanación de las deficiencias en su obra protocolar y la sanción económica que no ha satisfecho.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Ortiz Soto a través de la Oficina del Alguacil de este Tribunal. Además, notifíquese copia de esta Opinión *Per Curiam* y Sentencia al Secretario de Justicia para que tome la acción que estime pertinente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco no intervino.


                        Juan Ernesto Dávila Rivera
                      Secretario del Tribunal Supremo