EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: <br><br> Ramón A. Cacho Pérez | 2017 TSPR 12 <br><br> 197 DPR ____ |
|---|---|

Número del Caso: TS-7909

Fecha: 26 de enero de 2017

Abogado de la parte promovida:

      Por derecho propio

Oficina de Inspección de Notarías:

      Lcda. Lourdes Quintana Lloréns
      Directora

      Lcdo. Manuel E. Ávila De Jesús
      Director

Programa de Educación Jurídica Continua:

      Lcda. Geisa Marrero Martínez
      Directora

Materia: Conducta Profesional – La suspensión será efectiva el 22 de enero de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón A. Cacho Pérez                    TS-7,909

PER CURIAM

San Juan, Puerto Rico, a 26 de enero de 2017.

Le corresponde a este Tribunal ejercer nuevamente su facultad inherente de regular la profesión y, de esa forma, suspender inmediata e indefinidamente del ejercicio de la abogacía a un letrado, por razón de su incumplimiento con los requisitos del Programa de Educación Jurídica Continua y por desatender los requerimientos emitidos por este Tribunal. Veamos.

I

El Lcdo. Ramón A. Cacho Pérez (licenciado Cacho Pérez) fue admitido al ejercicio de la abogacía el 25 de enero de 1985 y a la práctica

de la notaría el 9 de julio del mismo año. En esencia, el asunto ante nuestra consideración se remonta a marzo de 2011, cuando la entonces Directora del Programa de Educación Jurídica Continua (PEJC) nos informó que el licenciado Cacho Pérez incumplió con los requisitos reglamentarios para el periodo de 2007-2008. Asimismo, indicó que éste no pagó la cuota por cumplimiento tardío ni compareció a la vista a la que fue citado para explicar la razón de su incumplimiento.

Examinada la comparecencia del PEJC, el 12 de abril de 2011, emitimos una Resolución mediante la cual le concedimos al letrado un término de veinte días para que mostrara causa por la cual no debía ser suspendido de la abogacía por incumplir con los requisitos de educación jurídica continua y por no contestar los requerimientos del PEJC. Se le apercibió que el incumplimiento con el término conferido conllevaría la suspensión automática de la profesión.

En respuesta, el 3 de mayo de 2011, el licenciado Cacho Pérez compareció mediante *Moción informativa y de solicitud de baja voluntaria del ejercicio de la abogacía y de la notaría*. En lo pertinente, expresó que la razón de su incumplimiento con los requisitos del PEJC era atribuible a su deseo de retirarse voluntariamente de la abogacía, para dedicarse a otros asuntos. Indicó que su incumplimiento no había causado daños, toda vez que no practicaba la abogacía ni la

notaría por aproximadamente cuatro años. Señaló que su objetivo era retirarse de la abogacía de forma responsable, preservando su reputación. Así las cosas, solicitó que le concediéramos la baja voluntaria de la abogacía y la notaría.

Atendida la moción del licenciado Cacho Pérez, el 20 de junio de 2011, dictamos una Resolución en la cual le concedimos un término de sesenta días para que presentara una certificación del PEJC con relación a la subsanación de las deficiencias señaladas. Además, se le apercibió que su incumplimiento con lo requerido podía conllevar la imposición de sanciones disciplinarias. Ante ello, el 25 de agosto de 2011, el licenciado Cacho Pérez compareció mediante *Moción en cumplimiento de Resolución y de solicitud de baja voluntaria del ejercicio de la abogacía y de la notaría*. En esencia, repitió las razones para su incumplimiento con los requisitos del PEJC y reiteró su deseo de retirarse voluntariamente de la abogacía y la notaría.

Evaluada la moción, el 26 de octubre de 2011, dictamos una Resolución mediante la cual le concedimos al abogado un término de diez días para que acreditara el inicio de los trámites de cesación ante la Oficina de Inspección de Notarías (ODIN). Tras varias concesiones de prórrogas, el 12 de marzo de 2012, el licenciado Cacho Pérez presentó una *Moción en cumplimiento de Resolución y de solicitud de baja voluntaria del*

*ejercicio de la abogacía y de la notaría.* En ésta, reprodujo las razones para su incumplimiento con los requisitos del PEJC e indicó que comenzó el proceso de cesación de la notaría. Además, nuevamente solicitó que le concediéramos la baja voluntaria.

Tras examinar el escrito del letrado, el 3 de abril de 2012, le otorgamos un término de veinte días a la ODIN para que expusiera su posición. En el término dispuesto, la ODIN compareció mediante *Moción en cumplimiento de Resolución.* En ésta, expresó que tan pronto el licenciado Cacho Pérez pusiera a disposición la obra notarial bajo su custodia, se inspeccionaría la misma y se rendiría el correspondiente informe de cesación.

Posteriormente, el 27 de enero de 2016, la entonces Directora del PEJC compareció mediante *Moción informativa.* En lo pertinente, informó que el licenciado Cacho Pérez no cumplió con los requisitos del programa para los periodos de 2007-2008, 2009-2010, 2011-2012 y 2013-2014, los cuales vencieron luego de que el primer periodo fuera referido a este Tribunal. Además, señaló que el letrado tampoco realizó el pago de las multas por cumplimiento tardío para los referidos periodos.

Luego de evaluar la moción presentada por el PEJC, el 29 de abril de 2016, emitimos una Resolución en la cual le ordenamos al licenciado Cacho Pérez que en un término de treinta días mostrara causa por la cual no

debíamos suspenderlo de la abogacía por su incumplimiento con los requisitos del PEJC y con nuestra Resolución de 20 de junio de 2011. Le reiteramos que no autorizaríamos su solicitud de baja voluntaria hasta tanto cumpliera con los requisitos del PEJC. A su vez, le apercibimos que el incumplimiento con lo ordenado podría conllevar la suspensión inmediata e indefinida de la abogacía.

Así las cosas, el 31 de mayo de 2016, el licenciado Cacho Pérez presentó un escrito intitulado *Moción explicando causa de incumplimiento*. En síntesis, se limitó a detallar diversas situaciones personales que provocaron su incumplimiento con los requisitos del PEJC. A base de ello, expresó que existe justa causa para conceder el diferimiento con los requisitos del PEJC o su total exoneración.[1]

---

[1]Cabe destacar que el 17 de noviembre de 2016, el Director de la Oficina de Inspección de Notarías (ODIN) presentó ante este Tribunal un escrito intitulado *Informe sobre incumplimiento en la corrección de deficiencias notificadas*. En lo pertinente, informó que transcurridos más de cuatro años del trámite ordenado por este Tribunal en el 2011 con relación a la cesación del ejercicio de la notaría del Lcdo. Ramón A. Cacho Pérez, ese proceso no se había finiquitado. Ello respondió a que el letrado finalmente entregó su obra protocolar el 5 de octubre de 2015. El Director de la ODIN también indicó que tras la evaluación de la obra protocolar se encontraron varias deficiencias, entre las que se destaca una deuda arancelaria de $12,643.00. Tras requerirle al licenciado Cacho Pérez que subsanara las deficiencias señaladas, éste incumplió reiteradamente con las órdenes de la ODIN. Así las cosas, el Director de la ODIN solicita que le ordenemos al licenciado Cacho Pérez subsanar las deficiencias encontradas, particularmente la deuda arancelaria. Asimismo, suplica que le impongamos al letrado una sanción económica de

**II**

Sabido es que nuestro Código de Ética Profesional contiene las normas mínimas de conducta que deben regir a todos los miembros de la abogacía en el desempeño de sus funciones. *In re* Figueroa Cortés, res. el 30 de junio de 2016, 2016 TSPR 202, 196 DPR ___ (2016); *In re* De Jesús Román, 192 DPR 799, 802 (2015). En lo que respecta a los deberes de los letrados y las letradas para con la sociedad, el aludido código impone la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2; *véanse*, además, *In re* Ward Llambías, res. el 29 de abril de 2016, 2016 TSPR 83, 195 DPR ___ (2016). Cónsono con este deber, todo miembro de la profesión jurídica debe cumplir con los requisitos establecidos en el Reglamento del PEJC, 4 LPRA Ap. XVII-E. *Véase*, además, *In re* Enmdas. R. Educ. Jur. Cont., 193 DPR 233 (2015); *In re* Ortiz Soto, res. el 1 de noviembre de 2016, 2016 TSPR 226, 196 DPR ___ (2016).

En reiteradas ocasiones, este Tribunal se ha visto obligado a suspender a abogados y abogadas que desatienden los requerimientos del PEJC e incumplen con

---

$500 por su reiterado incumplimiento con las órdenes de la ODIN y le apercibamos que su incumplimiento con lo ordenado podría conllevar la suspensión de la notaría.

las horas crédito de educación continua requeridas. *In re* Ortiz Soto, *supra*; *In re* Ward Llambías, *supra*; *In re* Álvarez Westwood *et als.*, res. el 14 de marzo de 2016, 2016 TSPR 46, 194 DPR ___ (2016); *In re* Arroyo Acosta, 192 DPR 848, 852 (2015); *In re* Rivera Trani, 188 DPR 454, 459-460 (2013). De esta forma, hemos señalado repetidamente que la desidia y la dejadez ante los requerimientos del PEJC, no solo constituye un gasto de recursos administrativos para el programa, sino que también refleja una patente falta de compromiso con el deber de excelencia y competencia que impone el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2.

En armonía con lo anterior, hemos advertido a los miembros de la profesión jurídica que es su deber contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Figueroa Cortés, *supra*; *In re* Rivera Trani, *supra*, pág. 460. Ello pues, desatender nuestros requerimientos es incompatible con la práctica de la profesión, toda vez que constituye una transgresión al Canon 9 del Código de Ética Profesional y menoscaba nuestra facultad inherente de regular la profesión jurídica. Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9; *véanse*, además, *In re* Figueroa Cortés, *supra*; *In re* Ward Llambías, *supra*; *In re* Arroyo Acosta, *supra*, pág. 852; *In re* De Jesús Román, *supra*, pág. 803; *In re* Rivera Trani, *supra*, pág. 461. En consecuencia, tal conducta conlleva la

separación inmediata e indefinida del ejercicio de la abogacía. *Véanse In re* Ortiz Soto, *supra; In re* Figueroa Cortés, *supra; In re* Ward Llambías, *supra; In re* Arroyo Acosta, *supra*, pág. 852; *In re* De Jesús Román, *supra*, pág. 803; *In re* Rivera Trani, *supra*, pág. 461.

Examinada la normativa pertinente, procedemos a exponer nuestro criterio con relación al asunto que nos ocupa.

### III

Conforme indicamos, el expediente ante nuestra consideración demuestra que el licenciado Cacho Pérez reiteradamente incumplió con los requisitos del PEJC desde el 2007, sin justificación alguna. En sus comparecencias ante este Tribunal, se limitó a exponer meras circunstancias personales que, según alega, constituyen "justa causa" para incumplir con los requisitos del PEJC. Es más, en su última comparecencia ni siquiera solicitó un término o prórroga para cumplir con los requisitos de educación jurídica continua, según ordenado por este Tribunal. Tal incumplimiento, de por sí, constituye causa suficiente para que lo suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

Ahora bien, el letrado también incurrió en otras faltas éticas, a saber: (1) no compareció oportunamente ante el PEJC cuando le fue requerido, y (2) no cumplió con la Resolución emitida el 20 de junio de 2011, en la

cual le ordenamos que presentara una certificación expedida por el PEJC que demostrara la subsanación de los incumplimientos señalados.

A pesar de lo anterior, el licenciado Cacho Pérez solicita repetidamente que le otorguemos una baja voluntaria de la profesión. Ello, aunque le reiteramos que no la autorizaríamos hasta tanto cumpliera con los requisitos del PEJC. Ante el escenario descrito, procede denegar su solicitud. Lo contrario conllevaría premiar un incumplimiento reiterado a nuestras normas éticas. Es decir, conceder su petición tendría el peligroso efecto de soslayar un dictamen ético cuando la evidencia que obra en el expediente demuestra una clara y reiterada inobservancia con los preceptos éticos que rigen la profesión jurídica. Por ello, no podemos avalar tal solicitud, pues a todas luces no nos parece meritoria.

Evidentemente, el licenciado Cacho Pérez ignoró tanto nuestros requerimientos como los del PEJC. Con esa actitud de indiferencia y desatención, pretende echar a un lado nuestros reiterados pronunciamientos en lo concerniente al deber y obligación ineludible de todo letrado y letrada de responder diligentemente a las órdenes emitidas por este Tribunal y el PEJC.

Ante ese cuadro, nos vemos obligados a ejercer nuestra facultad inherente de regular la profesión y, por consiguiente, suspender inmediatamente del ejercicio de la abogacía al licenciado Cacho Pérez.

## IV

Al amparo de los fundamentos enunciados, suspendemos inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Ramón A. Cacho Pérez.

En consecuencia, se le impone al señor Cacho Pérez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá bajo su custodia la obra y el sello notarial del señor Cacho Pérez, y la examinará para rendir el correspondiente informe a este Tribunal. Advertimos al señor Cacho Pérez que el presente dictamen ético no le exime de atender las deficiencias señaladas por la ODIN a su obra notarial, por lo que se le ordena subsanarlas.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Ramón A. Cacho Pérez por la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón A. Cacho Pérez                    TS-7,909

SENTENCIA

San Juan, Puerto Rico, a 26 de enero de 2017.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía al Lcdo. Ramón A. Cacho Pérez.

En consecuencia, se le impone al señor Cacho Pérez el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá bajo su custodia la obra y el sello notarial del señor Cacho Pérez, y la examinará para rendir el correspondiente informe a este Tribunal. Advertimos al señor Cacho Pérez que el presente

dictamen ético no le exime de atender las deficiencias señaladas por la ODIN a su obra notarial, por lo que se le ordena subsanarlas.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Ramón A. Cacho Pérez por la Oficina del Alguacil de este Tribunal.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino. El Juez Asociado señor Feliberti Cintrón no interviene.


                              Juan Ernesto Dávila Rivera
                            Secretario del Tribunal Supremo