EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Idalie Zayas Rivera | 2017 TSPR 101 |
| | 198 DPR ____ |

Número del Caso: TS-15,673

Fecha: 12 de junio de 2017

Abogado de la promovida:

     Por derecho propio.

Programa de Educación Jurídica Continua:

     Lcdo. José Ignacio Campos Pérez
     Director

Materia: Conducta Profesional – La suspensión será efectiva el 13 de junio de 2017, fecha en que se le notificó por correo a la a abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Idalie Zayas Rivera                    TS-15,673

PER CURIAM

San Juan, Puerto Rico, a 12 de junio de 2017.

Le corresponde a este Tribunal ejercer nuevamente su facultad inherente de regular la profesión y, de esa forma, suspender inmediata e indefinidamente del ejercicio de la abogacía a una letrada. Ello, por razón de su incumplimiento con los requisitos del Programa de Educación Jurídica Continua, no acatar las órdenes de este Tribunal y no mantener actualizada su información en el Registro Único de Abogados y Abogadas de Puerto Rico. Veamos.

**I**

La Lcda. Idalie Zayas Rivera (licenciada Zayas Rivera o letrada) fue admitida al

ejercicio de la abogacía el 31 de enero de 2006 y a la práctica de la notaría el 5 de julio de 2006.[1] En esencia, el asunto ante nuestra consideración se remonta a febrero de 2017, cuando el Director Ejecutivo del Programa de Educación Jurídica Continua (PEJC) nos informó que la licenciada Zayas Rivera incumplió con los requisitos reglamentarios para los periodos del 1 de marzo de 2008 al 28 de febrero de 2010, del 1 de marzo de 2010 al 29 de febrero de 2012 y del 1 de marzo de 2012 al 28 de febrero de 2014.[2]

De los anejos incluidos con el informe, surge que el PEJC emitió un aviso el 12 de abril de 2010, mediante el cual se le notificó a la licenciada Zayas Rivera de su incumplimiento con el periodo comprendido del 1 de marzo de 2008 al 28 de febrero de 2010. De la misma forma, se le informó que debía pagar la correspondiente cuota por cumplimiento tardío. Posteriormente, a la letrada se le cursó una citación para que compareciera a una vista informal, pues no había subsanado el

---

[1] Mediante carta fechada de 7 de mayo de 2008, la Lcda. Idalie Zayas Rivera (letrada) solicitó la cesación voluntaria de la práctica de la notaría, debido a que se mudaría fuera de Puerto Rico. Luego de que su obra notarial fuera examinada, aprobada y depositada en el Archivo Notarial para el Distrito de San Juan, el 18 de julio de 2008 este Tribunal emitió una Resolución mediante la cual se autorizó la cesación de la notaría.

[2] En el informe de incumplimiento se indicó, además, que según se desprende del Historial de Cursos Acreditados de la letrada, no había créditos acumulados para el periodo que concluía el 28 de febrero de 2017, el cual estaba próximo a vencer.

incumplimiento señalado. Sin embargo, no compareció en persona ni mediante escrito. Ante ello, el oficial examinador preparó su correspondiente informe de no comparecencia. De éste se desprende que la letrada tampoco pagó la cuota por cumplimiento tardío. Por otro lado, surge que la citación a la vista informal fue devuelta por el servicio postal luego de que ésta se celebrara. Ante ello, a la licenciada Zayas Rivera se le notificó, mediante correo electrónico, el informe de no comparecencia y la determinación de la entonces Directora del PEJC.

En lo que concierne a los periodos comprendidos entre las fechas del 1 de marzo de 2010 al 29 de febrero de 2012 y del 1 de marzo de 2012 al 28 de febrero de 2014, se desprende del informe del PEJC que se le enviaron por correo a la licenciada Zayas Rivera avisos de incumplimiento para ambos periodos. En cuanto al segundo periodo, el PEJC indicó que el aviso fue devuelto, por lo cual se notificó nuevamente mediante correo electrónico. Asimismo, se señaló que del expediente de la letrada no surgía que ésta hubiera efectuado los correspondientes pagos por cumplimiento tardío.

Examinada la comparecencia del Director del PEJC, el 28 de marzo de 2017 emitimos una Resolución mediante la cual le concedimos a la licenciada Zayas Rivera un término de veinte (20) días para que mostrara causa por

la cual no debía ser suspendida del ejercicio de la abogacía por incumplir con los requisitos de educación continua y por no comparecer ante el PEJC cuando le fue requerido. Esta Resolución fue enviada por correo a la dirección de notificaciones de la letrada, que consta en el Registro Único de Abogados y Abogadas de Puerto Rico (RÚA), pero fue devuelta por el servicio postal federal. Posteriormente, de un informe proveniente de la Oficina de Alguaciles de este Tribunal, con fecha de 20 de abril de 2017, surge que dos alguaciles se personaron a la dirección física brindada por la licenciada Zayas Rivera. Particularmente, los alguaciles sostuvieron una conversación con la administradora del complejo, quien les informó que la letrada ya no era titular del apartamento correspondiente a la dirección provista. Asimismo, la administradora se comunicó con el actual dueño, quien indicó que había comprado el apartamento a la letrada hacía siete años, y que ésta última se había trasladado al estado de Virginia en Estados Unidos.

## II

Sabido es que "[n]uestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones". *In re Figueroa Cortés*, res. el 30 de junio de 2016, 2016 TSPR 202, págs. 2-3, 196 DPR ___ (2016) (*Per Curiam*). Véase, además, *In re De Jesús Román*, 192 DPR 799, 802 (2015)

(*Per Curiam*). En lo que respecta a los deberes de los letrados y las letradas para con la sociedad, el aludido código impone la responsabilidad de "realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional . . .". Canon 2 del Código de Ética Profesional (1970), 4 LPRA Ap. IX, C. 2. <u>Véase, además</u>, *In re* <u>Ward Llambías</u>, res. el 29 de abril de 2016, 2016 TSPR 83, 195 DPR 978 (2016) (*Per Curiam*). Cónsono con este deber, todo miembro de la profesión jurídica debe cumplir con los requisitos establecidos en el Reglamento del PEJC, 4 LPRA Ap. XVII-E. <u>Véanse, además</u>, *In re* <u>Enmdas. R. Educ. Jur. Cont. y al R. Prog. Educ. Jur. Cont.</u>, 193 DPR 233 (2015) (Resolución); *In re* <u>Ortiz Soto</u>, res. el 1 de noviembre de 2016, 2016 TSPR 226, 196 DPR ___ (2016) (*Per Curiam*).

En reiteradas ocasiones, este Tribunal se ha "visto obligado[] a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requeridas". *In re* <u>Ortiz Soto</u>, supra, pág. 10. <u>Véanse, además</u>, *In re* <u>Ward Llambías</u>, supra, pág. 4; *In re* <u>Arroyo Acosta</u>, 192 DPR 848, 852 (2015) (*Per Curiam*); *In re* <u>Rivera Trani</u>, 188 DPR 454, 459-460 (2013) (*Per Curiam*). De esta forma, hemos señalado que "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de

recursos administrativos por parte de ese programa, sino que además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional". *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, pág. 9, 193 DPR 1021 (2015).

En armonía con lo anterior, hemos advertido a los miembros de la profesión jurídica que es su deber "contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes". *In re* Figueroa Cortés, supra, pág. 3. Véase, además, *In re* Rivera Trani, supra, pág. 460. Ello pues, "[d]esatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica". *In re* Figueroa Cortés, supra, págs. 3-4. Véanse, además, Canon 9 del Código de Ética Profesional (1970), 4 LPRA Ap. IX, C. 9; *In re* Ward Llambías, supra, págs. 4-5; *In re* Arroyo Acosta, supra, pág. 852; *In re* De Jesús Román, supra, pág. 803; *In re* Rivera Trani, supra, págs. 460-461. En consecuencia, "tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía". *In re* Figueroa Cortés, supra, pág. 4. Véanse, además, *In re* Ortiz Soto, supra, pág. 10; *In re* Ward Llambías, supra, pág. 5; *In re* Arroyo Acosta, supra,

pág. 852; *In re* De Jesús Román, supra, pág. 803; *In re* Rivera Trani, supra, pág. 461.

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), exige a los abogados mantener actualizados en el RÚA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. Véanse, además, *In re* Cepero Rivera *et al.*, supra, pág. 10; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, pág. 7, 193 DPR 1021 (2015); *In re* Rivera Trani, supra, pág. 460. Es norma reiterada "que incumplir con esta obligación obstaculiza el ejercicio de nuestra jurisdicción disciplinaria" y, por ende, es motivo "suficiente para decretar la separación inmediata del ejercicio de la abogacía". *In re* Cepero Rivera *et al.*, supra, págs. 10-11. Véase, además, *In re* Arroyo Acosta, supra, pág. 852.

Examinada la normativa pertinente, procedemos a exponer nuestro criterio con relación al asunto que nos ocupa.

**III**

Conforme indicamos, el expediente ante nuestra consideración demuestra que la licenciada Zayas Rivera reiteradamente incumplió con los requisitos del PEJC, a saber: los periodos comprendidos entre las fechas del 1 de marzo de 2008 al 28 de febrero de 2010, del 1 de

marzo de 2010 al 29 de febrero de 2012 y del 1 de marzo de 2012 al 28 de febrero de 2014. Así también, la letrada no compareció ante el PEJC cuando le fue requerido, e incumplió con la orden de mostrar causa emitida por este Tribunal el 28 de marzo de 2017. Además, resulta importante destacar que tanto los procesos ante el PEJC como ante este Tribunal se han visto frustrados, debido a que la licenciada Zayas Rivera no ha actualizado su información en el RÚA. Ello, en clara contravención al deber de actualización que le impone la Regla 9(j) de nuestro Reglamento. Valga resaltar que este último incumplimiento, de por sí, constituye causa suficiente para que la suspendamos inmediata e indefinidamente del ejercicio de la abogacía.

## IV

Al amparo de los fundamentos enunciados, suspendemos inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Idalie Zayas Rivera.

En consecuencia, se le impone a la señora Zayas Rivera el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente.

Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. Idalie Zayas Rivera por correo certificado con acuse de recibo a sus últimas direcciones conocidas y mediante correo electrónico.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Idalie Zayas Rivera                          TS-15,673

SENTENCIA

San Juan, Puerto Rico, a 12 de junio de 2017.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Idalie Zayas Rivera.

En consecuencia, se le impone a la señora Zayas Rivera el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles cualesquiera honorarios recibidos por trabajos no realizados. De igual forma, tendrá que informar inmediatamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la Sra. Idalie Zayas Rivera por correo certificado con acuse de recibo a sus

últimas direcciones conocidas y mediante correo electrónico.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                                    Juan Ernesto Dávila Rivera
                                  Secretario del Tribunal Supremo