EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Enrique Verges Borrero | 2018 TSPR 186 <br><br> 201 DPR ____ |

Número del Caso: TS-3713


Fecha: 2 de noviembre de 2018


Abogada del promovido:


       Por derecho propio


Programa de Educación Jurídica Continua:

       Lcdo. José Ignacio Campos Pérez
       Director Ejecutivo


Materia: La suspensión será efectiva el 26 de noviembre de 2018, fecha en que se le notificó por correo certificado al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enrique Verges Borrero

TS-3,713

*PER CURIAM*

En San Juan, Puerto Rico, a 2 de noviembre de 2018.

Nos corresponde suspender a un letrado del ejercicio de la abogacía y la notaría por incumplir con nuestras órdenes.

I

El Lcdo. Enrique Verges Borrero fue admitido al ejercicio de la abogacía en 1970 y la notaría en 1971. El 4 de septiembre de 2014 presentó una solicitud de cambio a estatus de abogado inactivo en el Registro Único de Abogados (RUA). Alegó, entre otras cosas, que desde abril de 2007 está retirado de la profesión legal; que cumplió con el deber de renunciar a la representación legal de sus clientes; que no tiene estatus de notario activo

en la Secretaría de este Tribunal, y que ha atendido todos los asuntos pertinentes ante el Programa de Educación Jurídica Continua (PEJC). Mediante la solicitud, autorizó la divulgación de la información relacionada con su cumplimiento con el PEJC. También, reconoció el deber de notificar cualquier cambio de dirección postal o física al Secretario de este Tribunal y ser consciente de que cualquier falsedad en la solicitud podía conllevar el inicio de un proceso disciplinario. La solicitud fue suscrita en Orlando, Florida, según surge de la nota al pie de esta, pero indica que el licenciado es vecino de Guaynabo, Puerto Rico, y contiene su dirección de Guaynabo.

La Fiscalía Federal y la Oficina del Jefe de los Fiscales del Departamento de Justicia de Puerto Rico expresaron entonces no tener objeción con que se autorice el estatus de inactivo solicitado. La Oficina de Inspección de Notarías (ODIN) expresó tampoco tener objeción, pero señaló que, hasta octubre de 2014, el licenciado Verges Borrero no había solicitado cesación al ejercicio de la notaría. La ODIN hizo constar que coordinaría con el licenciado el trámite para formalizar la cesación de la notaría.

El 24 de septiembre de 2014, el PEJC certificó el incumplimiento del licenciado Verges Borrero con los periodos del 1 de junio de 2010 al 31 de mayo de 2012 y del 1 de junio de 2012 al 31 de mayo de 2014. En junio de 2017, el Director Ejecutivo del PEJC, en representación de la Junta de Educación Continua, compareció ante este Tribunal. Nos

informó que el licenciado Verges Borrero no respondió al aviso de incumplimiento que se le envió el 20 de julio de 2012 y que no compareció a la vista informal que se celebró el 28 de octubre de 2014. Todas las comunicaciones se hicieron a la dirección postal de notificaciones que constaba en el RUA, que es la misma dirección de Guaynabo con que el licenciado firmó su solicitud de cambio a estatus de abogado inactivo.

Examinado el informe, el 18 de septiembre de 2017, le concedimos al licenciado Verges Borrero un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión por incumplir con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido. En vista de que el licenciado Verges Borrero no cumplió con esa orden, el 28 de marzo de 2018 le concedimos un término final de 10 días para comparecer y mostrar causa por la cual no debe ser suspendido del ejercicio de la profesión.

Ordenamos que esa notificación se le hiciera personalmente. El alguacil de este Tribunal acudió a la Unidad de Asuntos Legales del Departamento del Trabajo, pues recibió información de que el licenciado Verges Borrero trabajaba en esa unidad. Al llegar al Departamento, un empleado le comunicó que el licenciado Verges Borrero ya no trabajaba allí y que vivía en Orlando, Florida. Naturalmente, la notificación personal no pudo realizarse.

II

Como corolario del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, los abogados deben atender diligentemente las órdenes de los tribunales. In re Nieves Nieves, 181 DPR 25, 34 (2011). Cuando un abogado incumple con los requisitos del PEJC y no comparece ante nosotros para mostrar causa por la cual no debe ser suspendido, viola este deber ético. Además, esa conducta demuestra falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional, supra, y constituye un gasto de recursos administrativos para el PEJC. En esos casos, procede la suspensión indefinida. Véase In re Vázquez Borrero et al., 198 DPR 1112 (2017).

Cónsono con la obligación de atender con premura los requerimientos de este Tribunal, la Regla 9(j) de nuestro reglamento, 4 LPRA Ap. XXI-B, exige a los abogados mantener actualizados en el RUA la dirección seleccionada para recibir notificaciones. Véase In re Zayas Rivera, res. 12 de junio de 2017, 2017 TSPR 101, pág. 7, 198 DPR 1112 (2017).

III

El licenciado Verges Borrero abandonó Puerto Rico sin notificarlo, y dificultó al PEJC y a este Tribunal la tarea de comunicarle las resoluciones, avisos e informes. En su solicitud de cambio de estatus a inactivo, el licenciado Verges Borrero nos representó que su dirección postal es en Guaynabo, que es la dirección que aparecía y todavía aparece en el RUA. No sabemos en qué momento el licenciado Verges

Borrero se trasladó a Orlando, Florida, pero sí sabemos que su solicitud de cambio de estatus a inactivo fue dada en esa ciudad en el 2014. El licenciado Verges Borrero, en esa solicitud, reconoció el deber de notificar cualquier cambio de dirección postal o física y manifestó haber atendido todos los asuntos pertinentes ante el PEJC. Sin embargo, surgió que el licenciado Verges Borrero tenía deficiencias con el PEJC y la dirección en el RUA ya no es útil para comunicarnos con él.

## IV

Suspendemos inmediata e indefinidamente al licenciado Verges Borrero del ejercicio de la abogacía y de la notaría. En su solicitud de cambio de estatus, el señor Verges Borrero alegó haber cumplido con el deber de renunciar a la representación legal de sus clientes. Por ello, ahora le exigimos acreditarnos que efectivamente eso se cumplió; que devuelva cualesquiera honorarios recibidos por trabajos no realizados, y que informe de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Lo anterior debe acreditárnoslo dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Verges Borrero y entregarlos al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y

válida por tres años después de su terminación en cuanto a los actos realizados por el señor Verges Borrero mientras la fianza estuvo vigente.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia al señor Verges Borrero vía correo certificado con acuse de recibo a su última dirección conocida.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Enrique Verges Borrero

                              TS-3,713


SENTENCIA

En San Juan, Puerto Rico, a 2 de noviembre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente al licenciado Verges Borrero del ejercicio de la abogacía y de la notaría. En su solicitud de cambio de estatus, el señor Verges Borrero alegó haber cumplido con el deber de renunciar a la representación legal de sus clientes. Por ello, ahora le exigimos acreditarnos que efectivamente eso se cumplió; que devuelva cualesquiera honorarios recibidos por trabajos no realizados, y que informe de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Lo anterior debe acreditárnoslo dentro del término de 30 días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del señor Verges Borrero y entregarlos al Director de la ODIN para el correspondiente examen e informe. La fianza notarial queda automáticamente cancelada, pero se considerará buena y válida por tres años después de

su terminación en cuanto a los actos realizados por el señor Verges Borrero mientras la fianza estuvo vigente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Colón Pérez no intervino.


                          Juan Ernesto Dávila Rivera
                         Secretario del Tribunal Supremo