EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex parte:<br><br>Jaime M. Rivera Ortiz | 2018 TSPR 207<br><br>201 DPR ____ |

Número del Caso:  TS-3954

Fecha: 20 de diciembre de 2018

 Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director Ejecutivo

Materia:  Conducta Profesional – La suspensión será efectiva el 9 de enero de 2019 fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| In re:<br><br>Jaime M. Rivera Ortiz | TS-3954 | |

PER CURIAM

San Juan, Puerto Rico, a 20 de diciembre de 2018.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir las órdenes de este Tribunal y los requerimientos del Programa de Educación Jurídica Continua (PEJC). Por ello, decretamos la suspensión inmediata e indefinida del Lcdo. Jaime M. Rivera Ortiz (licenciado Rivera Ortiz) de la práctica de la abogacía y la notaría.[1]

I

El 24 de mayo de 2011, el PEJC notificó al licenciado Rivera Ortiz su incumplimiento con la educación jurídica continua para el periodo del 1 de abril de 2009 al 31 de marzo de 2011. De igual forma, el 23 de mayo de 2013 se le notificó su incumplimiento con el periodo del 1 de abril de 2011 al 31 de marzo de 2013 y, posteriormente, el 26 de mayo de 2015 se le notificó su incumplimiento con el periodo del 1 de abril de 2013 al 31 de marzo de 2015.

---

[1] El Lcdo. Jaime M. Rivera Ortiz fue admitido a la práctica de la abogacía el 16 de diciembre de 1971 y juramentó como notario el 10 de enero de 1972.

Ante este cuadro, el PEJC le concedió al licenciado Rivera Ortiz múltiples prórrogas y oportunidades para que diligenciara y evidenciara el cumplimiento con la educación jurídica continua. A pesar de ello, continuó incumpliendo con su deber. En consecuencia, el 9 de marzo de 2017, el entonces Director del PEJC presentó ante este Tribunal un <u>Informe sobre incumplimiento con requisito de educación jurídica continua</u> en el que nos notificó el incumplimiento del licenciado Rivera Ortiz de los tres referidos periodos. A su vez, nos advirtió que el licenciado Rivera Ortiz adeudaba la correspondiente multa por el cumplimiento tardío con el período del 1 de abril de 2013 al 31 de marzo de 2015.

Advertidos de tal situación, el 28 de agosto de 2017, le concedimos al licenciado Rivera Ortiz un término de sesenta días para tomar todos los créditos necesarios para estar en cumplimiento con el PEJC. Ante su inacción, el 17 de abril de 2018 le concedimos un término final de diez días para cumplir nuestra orden. En esa ocasión, apercibimos al licenciado Rivera Ortiz, mediante notificación personal, de que el incumplimiento con nuestra orden podía conllevar severas sanciones, incluyendo la suspensión de la práctica de la abogacía. A siete meses de tal notificación, el licenciado Rivera Ortiz aún no ha comparecido ante este Tribunal.

**II**

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. In re Canales Pacheco, res. el 10 de mayo de 2018, 2018 TSPR 100, pág. 7. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. In re Arocho Cruz, res. el 22 de mayo de 2018, 2018 TSPR 97, págs. 11-12. De esa forma, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua. Íd.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Rivera Ortiz.

## III

Según expuesto, el licenciado Rivera Ortiz ha hecho caso omiso a nuestras órdenes a pesar de las debidas

advertencias sobre las posibles consecuencias de su incumplimiento. A ello, le sumamos su inobservancia a los requerimientos del PEJC al no cumplir con la educación jurídica continua.

La actitud pasiva antes descrita del licenciado Rivera Ortiz denota dejadez hacia sus responsabilidades como miembro activo de la profesión jurídica. Además, demuestra irreverencia hacia nuestra autoridad disciplinaria, lo que conlleva una violación al Canon 9 del Código de Ética Profesional, supra. Por tal motivo, nos vemos obligados a suspenderlo inmediata e indefinidamente de la práctica de la abogacía y, como tal, de la notaría.

## IV

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Jaime M. Rivera Ortiz del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término

de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Jaime M. Rivera Ortiz y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Jaime M. Rivera Ortiz.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jaime M. Rivera Ortiz     TS-3954

SENTENCIA

San Juan, Puerto Rico, a 20 de diciembre de 2018.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente al Lcdo. Jaime M. Rivera Ortiz del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Jaime M. Rivera Ortiz y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Jaime M. Rivera Ortiz.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              José Ignacio Campos Pérez
                              Secretario del Tribunal Supremo