EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Dianne M. Suárez Lasa | 2019 TSPR 19 <br><br> 201 DPR ____ |

Número del Caso:  TS-10,923


Fecha: 31 de enero de 2019


Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director Ejecutivo


Materia:  Conducta Profesional – La suspensión será efectiva el 4 de febrero de 2019.  Fecha en que se le notificó por correo certificado y correo electrónico a la abogada de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Dianne M. Suárez Lasa

TS-10,923

PER CURIAM

En San Juan, Puerto Rico, a 31 de enero de 2019.

Nos corresponde suspender a una letrada del ejercicio de la abogacía por no comparecer ante el Programa de Educación Jurídica Continua (PEJC) cuando le fue requerido y por incumplir con nuestras órdenes.

I

El 19 de septiembre de 2012, se le notificó a la Lcda. Dianne M. Suárez Lasa de su incumplimiento con los requisitos de educación jurídica continua para el periodo 2010-2012. El PEJC la citó a una vista informal el 30 de octubre de 2014 y le advirtió que, de no poder acudir a la vista, podía comparecer por

escrito dentro de los 10 días siguientes a la notificación. También le advirtió que, si no comparecía de modo alguno, se entendería que renunció a expresarse ante el PEJC y que se remitiría el asunto a este Tribunal.

La licenciada Suárez Lasa no compareció a la vista ni presentó escrito alguno en el término provisto. En cambio, pasados dos meses de celebrada la vista, se comunicó por teléfono con el PEJC para preguntar si se le había notificado alguna determinación con relación a la vista informal. Indicó que su duda surgía porque había tenido problemas registrando en el Registro Único de Abogados y Abogadas (RUA) su nueva dirección en el estado de Virginia. El personal del PEJC corroboró la dirección registrada y vio que coincidía con la indicada por la licenciada. Luego, la licenciada informó que estaba admitida a la práctica de la abogacía en el estado de Illinois y que cumplía con los requisitos de educación jurídica continua de esa jurisdicción. Por ello, pidió información sobre otras alternativas de cumplimiento con los requisitos del PEJC. La orientaron sobre el proceso de solicitud de relevo o exoneración por justa causa por estar en cumplimiento con los requisitos de educación jurídica continua de un estado y no residir ni practicar la profesión en Puerto Rico.

Posteriormente, el 22 de junio de 2016 el PEJC le envió una comunicación informándole sobre el estatus de sus periodos de cumplimiento y sobre la vista a la que no compareció. Además, le otorgó un término de 60 días para

subsanar las deficiencias del periodo 2010-2012 y pagar la multa por cumplimiento tardío. El 22 de agosto de 2016, la licenciada se comunicó por correo electrónico con el PEJC y expuso que está admitida al ejercicio de la profesión en Illinois y que interesaba que la educación jurídica continua que tomaba allá le fuera convalidada en nuestra jurisdicción. Se le volvió a orientar sobre la posibilidad de solicitar relevo o exoneración del cumplimiento con los requisitos del PEJC.

El 29 de marzo de 2017, el Director Ejecutivo del PEJC le informó a la licenciada que aún no había cumplido con el periodo en cuestión ni pagado la multa por cumplimiento tardío. Además, le advirtió que tenía incumplido el periodo subsiguiente (2012-2014) y que tampoco había pagado la multa por cumplimiento tardío de ese periodo. Le indicó que de su expediente no surgía que hubiese presentado una solicitud de relevo o exoneración ante el PEJC. Por lo tanto, le notificó que su caso sería presentado ante la Junta de Educación Continua para que esta determinara si lo referiría a este Tribunal.

La Junta acogió la recomendación del Director Ejecutivo. El 16 de junio de 2017, en representación de la Junta de Educación Continua, el Director Ejecutivo compareció ante este Tribunal con el fin de informarnos de varios abogados que no cumplieron con los requisitos de educación jurídica continua durante el periodo 2010-2012, incluyendo a la licenciada Suárez Lasa. Tras examinar el

informe presentado, emitimos una Resolución el 15 de septiembre de 2017. Le concedimos a la licenciada Suárez Lasa un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión por incumplimiento con los requisitos de educación jurídica continua y por no comparecer ante el PEJC cuando le fue requerido.

Ante su incomparecencia, el 20 de marzo de 2018 emitimos otra Resolución concediéndole un término final de 10 días para cumplir con nuestra orden. La Resolución fue notificada por correo certificado a la dirección de Virginia que la licenciada mantiene en el RUA. No se recibió el acuse de recibo en la Secretaría de este Tribunal.

II

Como corolario del Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, los abogados deben atender diligentemente las órdenes de los tribunales. In re Nieves Nieves, 181 DPR 25, 34 (2011). Con frecuencia hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. In re Rivera Ortíz, res. de 30 de diciembre de 2018, 2018 TSPR 207, pág. 3. Cuando un abogado incumple con los requisitos del PEJC y no comparece ante nosotros para mostrar causa por la cual no debe ser suspendido, viola este deber ético y procede su suspensión indefinida. Íd. Además, esa conducta demuestra falta de compromiso con el deber de

excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional, supra, y constituye un gasto de recursos administrativos para el PEJC.

Finalmente, y cónsono con la obligación de atender con premura los requerimientos de este Tribunal, la Regla 9(j) de nuestro reglamento, 4 LPRA Ap. XXI-B, exige a los abogados mantener actualizados en el RUA la dirección seleccionada para recibir notificaciones. Véase In re Zayas Rivera, res. 12 de junio de 2017, 2017 TSPR 101, pág. 7, 198 DPR 1112 (2017).

## III

La licenciada Suárez Lasa desatendió su obligación de obtener los créditos de educación continua. Además, no compareció ante el PEJC cuando le fue solicitado. Tampoco compareció ante nos para rectificar su omisión o mostrar justa causa por la cual no cumplió con su obligación, a pesar de que se lo ordenamos. Aunque el PEJC le orientó sobre el proceso de solicitar relevo o exoneración por estar en cumplimiento con los requisitos de educación jurídica continua de un estado y no residir ni practicar la profesión en Puerto Rico, inexplicablemente la licenciada Suárez Lasa no realizó las gestiones correspondientes. Tuvo amplia oportunidad para hacerlo.

Por lo tanto, suspendemos inmediata e indefinidamente a la licenciada Suárez Lasa del ejercicio de la abogacía. Se le impone el deber de notificar a sus clientes en Puerto Rico, si alguno, de su inhabilidad para seguir

representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia a la señora Suárez Lasa vía correo electrónico, regular y certificado con acuse de recibo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Dianne M. Suárez Lasa

                              TS-10,923


SENTENCIA

En San Juan, Puerto Rico, a 31 de enero de 2019.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos inmediata e indefinidamente a la licenciada Suárez Lasa del ejercicio de la abogacía. Se le impone el deber de notificar a sus clientes en Puerto Rico, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia a la señora Suárez Lasa vía correo electrónico, regular y certificado con acuse de recibo.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo