EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 46 |
| | |
| Ramón A. Santini Rivera | 201 DPR ____ |

Número del Caso: TS-11,687

Fecha: 8 de marzo de 2019

Ramón Santini Rivera:

      Por derecho propio

 Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director Ejecutivo

Materia: Conducta Profesional – La suspensión será efectiva el 11 de marzo de 2019. Fecha en que se le notificó al abogado por correo certificado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón A. Santini Rivera | TS-11,687

PER CURIAM

San Juan, Puerto Rico, a 8 de marzo de 2019.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir las órdenes de este Tribunal y los requerimientos del Programa de Educación Jurídica Continua (PEJC). Por ello, decretamos la suspensión inmediata e indefinida del Lcdo. Ramón A. Santini Rivera (licenciado Santini Rivera) de la práctica de la abogacía.[1]

**I**

El 12 de mayo de 2017, el entonces Director del PEJC refirió ante nuestra atención el incumplimiento del licenciado Santini Rivera con la educación jurídica continua para el periodo del 1 de agosto de 2009 al 31 de

---

[1] El Lcdo. Ramón A. Santini Rivera fue admitido a la práctica de la abogacía el 26 de junio de 1996. Juramentó como notario el 31 de julio de igual año, pero, varios meses después, cesó voluntariamente de tal práctica.

julio de 2011. A raíz de ello, le concedimos al licenciado Santini Rivera un término de veinte (20) días para mostrar causa por la cual no debía ser suspendido de la abogacía por incumplir con los requisitos de la educación jurídica continua. En esa ocasión, la notificación postal fue devuelta, por lo que se le requirió por correo electrónico actualizar su dirección postal. El licenciado Santini Rivera aclaró tanto su dirección postal en el estado de Ohio como la electrónica.

En su comparecencia, el licenciado Santini Rivera explicó no tener intención de desatender los requisitos de la educación jurídica continua, pero solamente alegó que tomó varios cursos que, posteriormente, no fueron acreditados por el PEJC o no fueron aprobados todos los créditos esperados.

Así, mediante una resolución con fecha de 11 de agosto de 2017, este Tribunal le concedió un término de sesenta (60) días para cumplir con la totalidad de los cursos y presentar la correspondiente certificación de cumplimiento.

Al no cumplir con lo anterior, el 17 de abril de 2018, le concedimos un término final de diez (10) días para cumplir con nuestra orden, con la advertencia de que su incumplimiento podía conllevar la suspensión de la abogacía. Esa vez, el licenciado Santini Rivera compareció y alegó no haber recibido la resolución del 11 de agosto de 2017, aun cuando fue notificada a la misma dirección postal del estado de Ohio, provista y utilizada por el licenciado

Santini Rivera. Asimismo, planteó que no le fue notificada a su correo electrónico. En su comparecencia, aceptó su aun incumplimiento con la educación jurídica continua, pero aseguró estar en proceso de cumplir con la misma.[2]

En respuesta, el 23 de mayo de 2018, una vez más, le concedimos un término de sesenta (60) días para cumplir con todos los requerimientos del PEJC y se le reiteró que su incumplimiento "podría conllevar severas sanciones incluyendo la suspensión del ejercicio de la profesión". Esta última resolución fue notificada electrónicamente el 24 de mayo de 2018, a las dos direcciones suplidas y utilizadas por el licenciado Santini Rivera. Al día de hoy, el licenciado Santini Rivera no ha cumplido con nuestras órdenes.

## II

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. In re Rivera Ortiz, res. el 20 de diciembre de 2018, 2018 TSPR 207. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

---

[2]A esos fines, anejó varias certificaciones de cursos tomados, al igual que un giro postal de $50.00 para sufragar una multa de un periodo posterior.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. In re Arocho Cruz, res. el 22 de mayo de 2018, 2018 TSPR 97. De esa forma, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y por apartarse de las exigencias concernientes a la educación jurídica continua. Íd.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Santini Rivera.

**III**

Según explicado, el licenciado Santini Rivera no ha cumplido con nuestras reiteradas órdenes, las cuales, a su vez, están relacionadas con su incumplimiento con la educación jurídica continua. Desde el mes de agosto de 2017, se le requirió cumplir con la educación jurídica continua y presentar la correspondiente certificación. Aproximadamente un año y medio después, el licenciado Santini Rivera aún no ha cumplido. Ello, a pesar de las múltiples oportunidades brindadas por este Foro y de ser debidamente advertido de las posibles consecuencias.

En su última comparecencia, el licenciado Santini Rivera anejó varias certificaciones de un proveedor de cursos de educación jurídica continua, pero no así la certificación del PEJC a los efectos de estar en

cumplimiento. Es por ello, que en mayo de 2018, le concedimos un término adicional de sesenta (60) días para cumplir con todos los requerimientos del PEJC, lo cual tampoco hizo.

Además, si bien en el pasado el licenciado Santini Rivera alegó no recibir nuestras notificaciones, lo cierto es que las resoluciones de 11 de agosto de 2017 y de 17 de abril de 2018 fueron enviadas a la propia dirección postal provista y utilizada por el licenciado Santini Rivera en sus comparecencias. Asimismo, la última resolución con fecha de 23 de mayo de 2018 fue debidamente notificada a los dos correos electrónicos registrados en el Registro Único de Abogados y Abogadas y que, particularmente uno de ellos, es al que el licenciado Santini Rivera constantemente ha hecho referencia.

El cuadro descrito evidencia el reiterado incumplimiento del licenciado Santini Rivera con nuestras órdenes, lo cual constituye una violación al Canon 9 del Código de Ética Profesional, *supra*. Ante tal patrón de desobediencia, nos vemos obligados a suspenderlo inmediata e indefinidamente de la práctica de la abogacía.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Ramón A. Santini Rivera del ejercicio de la abogacía.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar

representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia al Sr. Ramón A. Santini Rivera, vía correo electrónico, regular y certificado con acuse de recibo.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ramón A. Santini Rivera          TS-11,687

SENTENCIA

San Juan, Puerto Rico, a 8 de marzo de 2019.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente al Lcdo. Ramón A. Santini Rivera del ejercicio de la abogacía.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente esta Opinión *Per Curiam* y Sentencia al Sr. Ramón A. Santini Rivera, vía correo electrónico, regular y certificado con acuse de recibo.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo